## HODGES ET AL. *v.* SNYDER ET AL., AS MEMBERS OF THE BOARD OF EDUCATION OF THE ERWIN INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. 1, OF KINGSBURY COUNTY, SOUTH DAKOTA, ET AL.

ERROR TO THE CIRCUIT COURT OF KINGSBURY COUNTY, NINTH JUDICIAL CIRCUIT OF THE STATE OF SOUTH DAKOTA.

No. 432. Motion to dismiss or affirm submitted February 26, 1923.— Decided April 9, 1923.

1. Where, under the local practice, the original papers sent to the State Supreme Court as the record on appeal are remitted by that court with copies of its judgment and opinion to a lower court, without retaining a copy of such record, a writ of error from this Court to review the judgment of the State Supreme Court is properly directed to the lower court in which the record then is found. P. 601.

2. The right of a taxpayer in a decree enjoining the maintenance of an illegal school district and issuance of bonds therefor, is not private but public in character; and its loss through an act of the legislature validating the district but not affecting his right to costs, does not deprive him of property without due process of law. P. 601.

45 S. Dak. 149, affirmed.

ERROR to review a judgment of the Supreme Court of South Dakota reversing, except as to costs, a decree of the State Circuit Court (to which the record was remitted), which permanently enjoined the defendants in error from maintaining a consolidated school district and issuing bonds therefor.

*Mr. Samuel Herrick, Mr. Philo Hall* and *Mr. Wallace E. Purdy* for plaintiffs in error.

*Mr. T. H. Null* and *Mr. Max Royhl* for defendants in error.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The defendants in error move to dismiss the writ of error or affirm the judgment.

1. The ground of the motion to dismiss is that there is want of jurisdiction because the writ is not directed to the Supreme Court of the State. It was sued out to review a final judgment of that court reversing, on appeal, an order of the Circuit Court, and remanding the cause with direction to vacate the same. Under the local practice the original papers that had been transmitted to the Supreme Court as the record on the appeal, were remitted to the Circuit Court, with copies of the judgment and opinion of the Supreme Court (Rev. Code, S. Dak., 1919, § 3170); no copy of such record being retained by the Supreme Court. The rule of practice has been long established that in such case, in order to bring up the record which is essential to a review of the judgment of the appellate court, the writ of error is properly directed to the lower court in which the record is then found. *Gelston* v. *Hoyt,* 3 Wheat. 246, 304, 335; *McGuire* v. *Commonwealth,* 3 Wall. 382, 386; *Atherton* v. *Fowler,* 91 U. S. 143, 148; *Polleys* v. *Black River Co.,* 113 U. S. 81, 82; *McDonald* v. *Massachusetts,* 180 U. S. 311, 312; *Sioux Remedy Co.* v. *Cope,* 235 U. S. 197, 200 (involving a similar writ of error to another circuit court of South Dakota); and other cases therein cited. Hence the motion to dismiss is denied.

2. The ground of the alternative motion to affirm the judgment of the Supreme Court is that the writ was taken for delay only and presents no substantial question for review. It should be granted if the questions on which the decision depends are so wanting in substance as not to need further argument. Rule 6, § 5; *Missouri Pacific Ry. Co.* v. *Castle,* 224 U. S. 541, 544; *Chicago, Rock Island & Pacific Ry. Co.* v. *Devine,* 239 U. S. 52, 54; *City of Boston* v. *Jackson,* 260 U. S. 309.

A single question is presented, which arises as follows: The plaintiffs in error, as resident taxpayers, filed a complaint in the Circuit Court challenging the validity of a consolidated school district which had been organized by

the merger of several smaller districts, and praying that
the defendants in error, as its officers, be enjoined from
further maintaining schools or erecting school buildings
therein, or issuing bonds thereof.  The Supreme Court,
on an appeal from the Circuit Court, held that the at-
tempted organization of the consolidated district "was
not authorized by any law then in force  .  .  .  and was
wholly futile " (43 S. Dak. 166, 176), and entered judg-
ment remanding the cause for further proceedings in ac-
cordance with its decision.  The legislature thereupon
passed a curative act legalizing and validating all pro-
ceedings relating to the organization of any consolidated
school district attempted to be made as this had been, as
of the date when such district was organized.  Laws S.
Dak., Spec. Sess., 1920, c. 47.  Before this curative act
went into effect the Circuit Court, in accordance with the
decision of the Supreme Court, entered judgment adjudg-
ing the invalidity of the consolidation, permanently en-
joining the defendants from conducting the consolidated
district, as prayed in the complaint, and awarding costs
to the plaintiffs.  At a later day of the term, after the
curative act had gone into effect, a motion by the defend-
ants to set aside this injunction was denied.  Thereafter,
on a second appeal, the Supreme Court held that the cura-
tive act had validated the defective organization of the
consolidated district (45 S. Dak. 149), and entered the
judgment now sought to be reviewed, reversing the order
of the Circuit Court granting the permanent injunction
and remanding the cause with direction to vacate so much
of its judgment as awarded such injunction; but not re-
versing its judgment as to costs.

The plaintiffs in error concede that the legislature, in
the general exercise of its inherent power to create and
alter the boundaries of school districts, may create new
districts by the consolidation of others.  *Stephens* v.
*Jones*, 24 S. Dak. 97, 100.  And they likewise recognize
that, since the legislature had the power to ratify that

which it might have originally authorized, there would have been no violation of due process if the curative act had been enacted and become effective before any adjudication had been made in the pending litigation as to the invalidity of the consolidated district. *United States* v. *Heinszen & Co.,* 206 U. S. 370, 386; *Rafferty* v. *Smith, Bell & Co.,* 257 U. S. 226, 232; *Charlotte Harbor & Northern Ry. Co.* v. *Welles,* 260 U. S. 8. And see, generally as to giving effect to acts passed *pendente lite* but before the hearing, *Stockdale* v. *Insurance Companies,* 20 Wall. 323, 331; *Mills* v. *Green,* 159 U. S. 651, 656; and *Duplex Printing Press Co.* v. *Deering,* 254 U. S. 443, 464.

Their sole contention is that as the curative act was not enacted until after the Supreme Court had decided, on the first appeal, the consolidated district was invalid, and did not go into effect until after the Circuit Court had entered judgment adjudging its invalidity and enjoining the defendants from further conducting its affairs, it deprived them, as applied by the Supreme Court, without due process, of the private property rights which had been vested in them under these adjudications.

It is true that, as they contend, the private rights of parties which have been vested by the judgment of a court cannot be taken away by subsequent legislation, but must be thereafter enforced by the court regardless of such legislation. *Pennsylvania* v. *Wheeling Bridge Co.,* 18 How. 421, 429; *The Clinton Bridge,* 10 Wall. 454, 463; *United States* v. *Klein,* 13 Wall. 128, 146; *McCullough* v. *Virginia,* 172 U. S. 102, 124 (in which the repealing act was passed after judgment by the trial court).

This rule, however, as held in the *Wheeling Bridge Case,* does not apply to a suit brought for the enforcement of a public right, which, even after it has been established by the judgment of the court, may be annulled by subsequent legislation and should not be thereafter enforced; although, in so far as a private right has been incidentally

established by such judgment, as for special damages to the plaintiff or for his costs, it may not be thus taken away. *Pennsylvania* v. *Wheeling Bridge Co., supra,* pp. 431, 439. This case has been cited with approval in *The Clinton Bridge, supra,* p. 463 (likewise involving a public, as distinguished from a private, right of action), *United States* v. *Klein, supra,* p. 146, *Stockdale* v. *Insurance Companies, supra,* p. 332, and *Mills* v. *Green, supra,* p. 655. And so a judgment for the restitution of taxes collected under the ostensible authority of a general statute will be reversed when, after the rendition of such judgment, a statute has been passed legalizing and ratifying such taxation. *Rafferty* v. *Smith, Bell & Co., supra,* p. 232.

In the *Wheeling Bridge Case,* as in the *Clinton Bridge Case,* the public right involved was that of abating an obstruction to the navigation of a river. The right involved in the present suit, of enjoining the maintenance of an illegal school district and the issuance of its bonds, is likewise a public right shared by the plaintiffs with all other resident taxpayers. And while in the *Wheeling Bridge Case* the bill was filed by the State, although partly in its proprietary capacity as the owner of certain canals and railways (9 How. 647, 648), the doctrine that a judgment declaring a public right may be annulled by subsequent legislation, applies with like force in the present suit, although brought by individuals primarily for their own benefit; the right involved and adjudged, in the one case as in the other, being public, and not private.

The judgment of the Supreme Court in this case affected merely the public right involved—the plaintiffs' judgment for costs not being impaired,—and was clearly in accordance with the doctrine of the *Wheeling Bridge Case.* And since the question does not require further argument, the alternative motion of the defendants in error is granted, and the judgment is

*Affirmed.*