McGRATH, Atty. Gen. et al. v. POTASH.
McGRATH, Atty. Gen. et al. v. DOYLE.

Nos. 11185, 11186.

United States Court of Appeals
District of Columbia Circuit.

Argued May 12, 1952.

Decided June 19, 1952.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., and Joseph F. Goetten, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellants.

George Morris Fay, U. S. Atty. at the time the record was filed, Washington, D. C., also entered an appearance for appellants.

Joseph Forer, Washington, D. C., with whom David Rein, Washington, D. C., was on the brief, for appellees.

Before EDGERTON, CLARK and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellees, with others, filed civil actions in the United States District Court, seeking declaratory judgments and injunctive relief. They alleged that the Attorney General of the United States and the Commissioner of Immigration and Naturalization had caused them to be arrested as aliens subject to deportation and that those officials intended to conduct deportation proceedings before hearing officers not properly qualified in accordance with law and otherwise in violation of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. The District Court held that the Administrative Procedure Act applied in deportation proceedings. It entered a permanent injunction against "conducting or continuing to conduct hearings for the deportation of the plaintiffs or any of them which are not before examiners appointed, qualified, assigned and authorized in accordance with the provisions of sections 7 and 11 of Administrative Procedure Act or which otherwise do not comply with sections 5, 6, 7, 8 and 11 of said Act, and from de-

porting or attempting to deport the plaintiffs or any of them on the basis of hearings or proceedings not held before such examiners or which otherwise do not comply with sections 5, 6, 7, 8 and 11 of said Act." The Government appealed, and while the appeals were pending the Supreme Court in Wong Yang Sung v. McGrath[1] held to the same effect as had the District Court in these cases. By agreement of the parties the pending appeals were dismissed.

Thereafter Congress enacted a statute which provided that deportation proceedings should not be subject to the hearing provisions of the Administrative Procedure Act.[2] The Government then filed in the District Court a motion, under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate the injunction. The District Court denied the motion, and the present appeals followed.

Appellants make two points, (1) that the District Court was not authorized to interfere with the conduct of deportation proceedings prior to the conclusion of such proceedings and (2) that it was error for the court to refuse to vacate its injunction, since Congress has specifically exempted deportation proceedings from the Administrative Procedure Act.

■ In so far as the first point goes to the validity of the original injunction, it is now *res judicata*.[3]

In respect to the second point we think the passage of the new act by Congress was a valid ground under Rule 60(b)(6) of the Civil Rules for relief of the defendant parties from the judgments of the court.[4]

Potash and Doyle say that the new statute is unconstitutional. They say that the Supreme Court in Wong Yang Sung v. McGrath in effect held that the Constitution requires a hearing, in a deportation case, before a tribunal "which meets at least currently prevailing standards of impartiality"[5] and that the Administrative Procedure Act is a specification of the "currently prevailing standards of impartiality." The Government, on the other hand, cites other portions of that opinion of the Court and also cites the opinion in Harisiades v. Shaugnessy,[6] and particularly footnote 4 to that opinion.[7]

The injunction now before us forbids hearings which do not conform to a certain statute, the Administrative Procedure Act. It does not rest on constitutional grounds, and Congress has now removed the statutory ground.

■ While Potash and Doyle say that the later act of Congress is itself unconstitutional, their real contention is that without the Administrative Procedure Act they will not be accorded due process of law in the hearings which are proposed for them. But we cannot tell, in advance of the hearings, whether they will or will not conform to constitutional requirements. While the Administrative Procedure Act does prescribe procedure which conforms to due process of law, it is not the only consideration which impels hearing officials to conform to the Constitution. The absence of that one statute does not necessarily mean, or even indicate, that due process will not be accorded. Until the hearings have been held we cannot tell whether they will be constitutionally valid. The statutory basis for the injunction having been removed by Congress, the injunc-

1. 1950, 339 U.S. 33, 70 S.Ct. 445, 94 L. Ed. 616.

2. Pub.L.No.843, 81st Cong., 2d Sess. (Sept. 27, 1950), U.S.Code Cong.Serv. 1042 (1950), reading in part pertinent to these cases as follows: "Proceedings under law relating to the exclusion or expulsion of aliens shall hereafter be without regard to the provisions of sections 5, 7, and 8 of the Administrative Procedure Act (5 U.S.C. 1004, 1006, 1007)."

3. United States v. Munsingwear, 1950, 340

U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36; Ackermann v. United States, 1950, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207.

4. Cf. State of Pennsylvania v. Wheeling & Belmont Bridge Co., 1856, 18 How. 421, 59 U.S. 421, 15 L.Ed. 435.

5. Supra, 339 U.S. at page 50, 70 S.Ct. at page 454.

6. 1952, 342 U.S. 580, 72 S.Ct. 512.

7. Id., 342 U.S. at page 583, 72 S.Ct. at page 516.

tion should be vacated and appellees should be left to their remedies if and when the hearings do violate their rights.

The judgment of the District Court will be reversed and the cases remanded with instructions to that court to vacate its injunction. This action of this court and the action of the District Court pursuant to our mandate will be without prejudice to the rights of appellees Potash and Doyle to contest as invalid any proceeding to which they are subjected and which they claim has violated any of their rights, constitutional, statutory or other.

Reversed and remanded.