227 F.2d 31
 Mario MUSCARDIN, Appellant,
v.
Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.
Morris NEMIROFSKY, also known as Morris Newman, Appellant,
v.
COMMISSIONER OF IMMIGRATION and NATURALIZATION, Appellee.
George TASOU, Appellant,
v.
Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.
 No. 11757.
 No. 12266.
 No. 12371.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 18, 19, 1955.
 Decided October 13, 1955.
 
 Mr. Jack Wasserman, Washington, D. C., with whom Mr. Jack Hantman, New York City, was on the brief, for appellant Muscardin.
 Mr. Isidor Ostroff, Philadelphia, Pa., for appellant Nemirofsky.
 Mr. Jacob J. Kilimnik, Philadelphia, Pa., of the bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of Court, for appellant Tasou. Mr. William C. Wise, Washington, D. C., also entered an appearance for appellant Tasou.
 Mr. Lewis Carroll, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Albert E. Reitzel, Asst. Gen. Counsel, Immigration and Naturalization Service, were on the briefs, for appellees in Nos. 11757, 12266, and 12371. Mr. Robert L. Toomey, Asst. U. S. Atty., was also on the briefs for appellees in Nos. 12266 and 12371.
 Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.
 EDGERTON, Circuit Judge.
 
 
 1
 In each of these three cases an alien who is not under arrest asks judicial review of an administrative deportation order. The deportation orders were issued before and the complaints for review were filed after the Immigration and Nationality Act of 1952 took effect. 66 Stat. 163, 8 U.S.C.A. § 1101 et seq.
 
 
 2
 In No. 11757, Muscardin v. Brownell, the District Court denied a preliminary injunction on the ground that it lacked jurisdiction. It said: "the sole means of testing an order of deportation is by habeas corpus."
 
 
 3
 In No. 12371, Tasou v. Brownell, the court entered summary judgment for the defendant.
 
 
 4
 In No. 12266, Nemirofsky v. Commissioner of Immigration and Naturalization, the court dismissed the complaint, "it appearing to the Court that the complaint fails to state a cause of action". Since the court expressed, in a memorandum, the view that it lacked jurisdiction, it cannot have intended to rule on any other question.
 
 
 5
 We think the District Court had jurisdiction of these complaints.
 
 
 6
 The judgments were rendered in 1953 and 1954. On April 22, 1955, the Supreme Court determined that under the 1952 Act "there is a right of judicial review of deportation orders other than by habeas corpus"; the review provisions of the Administrative Procedure Act [5 U.S.C.A. § 1001 et seq.] apply, and declaratory and injunctive relief may be had. Shaughnessy v. Pedreiro, 349 U.S. 48, 52, 75 S.Ct. 591, 594.[1] The Court said it would not be in keeping with either the 1952 Act or the Administrative Procedure Act "to require a person ordered deported to go to jail in order to obtain review by a court." 349 U.S. at page 51, 75 S.Ct. at page 594.
 
 
 7
 The administrative deportation order in that case was issued after the 1952 Act took effect.[2] But we think it immaterial, so far as the validity of the present complaints for review is concerned, that the orders to be reviewed were issued before the Act took effect. The complaints were filed after it took effect. The savings clause of the Act, § 405(a), 66 Stat. 280, 8 U.S.C. p. 734, clearly implies that the critical date is the date of the complaint. It provides that the Act shall not "affect any * * * suit, action, or proceedings * * * brought * * * at the time this Act shall take effect * * *." [8 U.S.C.A. § 1101 note.] This seems to indicate that the Act is to apply to proceedings brought after it takes effect. Accordingly the Supreme Court, in Heikkila v. Barber, implied that the date of the complaint determines the right of judicial review. In rejecting Heikkila's claim to review, other than by habeas corpus, of a deportation order issued under the 1917 Act,[3] 39 Stat. 890, as amended, 54 Stat. 1238, the Court said: "We do not consider the 1952 Act, 66 Stat. 163 [8 U.S.C.A. § 1101 et seq.] which took effect after Heikkila's complaint was filed." 345 U. S. 229, 232, footnote 4, 73 S.Ct. 603, 604, 97 L.Ed. 972. Nothing in the Act, and no general principle, suggests that the right to judicial review of a deportation order depends on the date of the order.
 
 
 8
 The complaint in No. 12371, Tasou v. Brownell, asserts that the appellant was illegally arrested and searched, that a document which led to deportation proceedings was illegally seized, and that the deportation hearing was not conducted in accordance with the Administrative Procedure Act. But Tasou's attached affidavit plainly shows that the document referred to, which showed him to be illegally in the United States and subject to arrest, was not seized but that he gave it, before he was arrested, to an Immigration officer. And Public Law 843, 81st Cong., 2d Sess., 64 Stat. 1048, exempted deportation and exclusion proceedings from the requirements of sections 5, 7 and 8 of the Administrative Procedure Act [5 U.S.C.A. §§ 1004, 1006, 1007]. The validity of the exemption is clear. McGrath v. Potash, 91 U.S.App.D.C. 94, 199 F.2d 166; Sigurdson v. Landon, 9 Cir., 215 F.2d 791, 798. Congress did not, in § 242(b) of the Immigration Act of 1952, 66 Stat. 209, 8 U.S.C.A. § 1252 (b), terminate this exemption. Marcello v. Bonds, 349 U.S. 302, 306, 75 S.Ct. 757. No facts asserted in the complaint indicate that constitutional rights were violated.
 
 
 9
 The judgments against Muscardin and Nemirofsky, which were based on the view that the court lacked jurisdiction, are reversed and their cases remanded for further proceedings. The judgment against Tasou is affirmed.
 
 
 10
 Nos. 11757 and 12266 reversed.
 
 
 11
 No. 12371 affirmed.
 
 
 
 Notes:
 
 
 [1]
 We had reached the same conclusion in Rubinstein v. Brownell, 92 U.S.App.D.C. 328, 206 F.2d 449, affirmed by an equally divided Court, 346 U.S. 929, 74 S.Ct. 319, 98 L.Ed. 421
 
 
 [2]
 So was the Rubinstein deportation order
 
 
 [3]
 The Court distinguished McGrath v. Kristensen, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173