Dan RICHARDSON, Plaintiff-Appellant,

v.

Otis R. BOWEN, M.D., Secretary of
Health and Human Services,
Defendant-Appellee.

No. 86–1573
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1987.

James Q. Smith, Wichita Falls, Tex., for plaintiff-appellant.

Marvin Collins, U.S. Atty., Wayne Hughes, Asst. U.S. Atty., Ft. Worth, Tex., John M. Gough, Dallas, Tex., for defendant-appellee.

Before CLARK, Chief Judge, GARWOOD, and HILL, Circuit Judges.

CLARK, Chief Judge:

Dan Richardson challenges the denial of his application for Social Security disability benefits. He argues that the Secretary

should have considered evidence of medical improvement in ruling on his application, or at least should be required to reopen a prior case that terminated Richardson's disability benefits to consider medical improvement. Richardson also challenges the sufficiency of the evidence supporting the denial of his present application. The district court granted summary judgment in favor of the Secretary. We affirm.

## I.

In 1974 Richardson was awarded benefits for disability commencing in 1971 due to a heart condition and gouty arthritis. The award came under disability review and the state agency determined that disability ceased in March 1983. This determination was affirmed on reconsideration. Richardson appealed, and on November 18, 1983 an administrative law judge (ALJ) held that Richardson's disability had ceased. Richardson did not seek Appeals Council review or file suit in district court. Instead, on February 2, 1984, on the advice of an employee in the Social Security office in Vernon, Texas, he filed a new application for benefits.

This application was denied initially and on reconsideration. Richardson then appealed to an ALJ, who held a hearing on December 18, 1984. At the hearing, in addition to presenting evidence on the extent of his disability, Richardson sought to have the ALJ reopen his prior termination case on the basis of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 1984 U.S.Code Cong. & Ad.News (98 Stat) 1794 (codified at scattered sections of 42 U.S.C.) [hereinafter cited as Benefits Reform Act]. The ALJ concluded that Richardson was not disabled and refused to reopen the prior case. The Appeals Council denied review. Richardson then appealed to the district court.

The district court held that it had no jurisdiction to review the denial of Richardson's petition to reopen and that substantial evidence supported the Secretary's finding of no disability. Richardson now appeals to this court.

## II.

Richardson asks this court to remand his case to the Secretary to consider the "medical improvement test" established by the Benefits Reform Act, sec. 2(a), § 223(f), 1984 U.S.Code Cong. & Ad.News at 1794 (codified at 42 U.S.C. § 423(f)). The Act requires the Secretary to find "medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work)" before terminating disability benefit payments.[1] *Id.* sec. 2(a), § 223(f)(1)(A), 42 U.S.C. § 423(f)(1)(a). Richardson argues that the regulations implementing the Act, *see* 20 C.F.R. § 404.1594 (1986), require the Secretary to consider medical improvement in deciding whether he is entitled to benefits on the basis of his current application. Alternatively, Richardson contends that the ALJ erred in refusing to reopen his prior termination case to make findings on medical improvement.

■ It is clear that the requirement of a finding of medical improvement does not apply to Richardson's current application for disability benefits. The Act provides that the Secretary is to consider medical improvement in deciding whether "[a] recipient of benefits under this title ... based on the disability of any individual may be determined not to be entitled to such benefits." Benefits Reform Act, sec. 2(a), § 223(f), 42 U.S.C. § 423(f). The plain language of the statute indicates that the Secretary must make a finding of medical improvement only in termination cases.[2] Sim-

---

**1.** In addition, the Secretary must find that "the individual is now able to engage in substantial gainful activity." *Id.* sec. 2(a), § 223(f)(1)(B)(i), 42 U.S.C. § 423(f)(1)(B)(i). The requirement that the Secretary find medical improvement is subject to several exceptions. *See id.* sec. 2(a),

§ 223(f)(2), (3), (4), 42 U.S.C. § 423(f)(2), (3), (4).

**2.** Other sections of the Act make clear the applicability of § 223(f) only to termination cases. *See, e.g., id.* sec. 2(b), § 216(i)(2)(D), 42 U.S.C. § 416(i)(2)(D) (emphasis added):

ilarly, despite Richardson's contention otherwise, the regulations implementing the Act are also limited to termination cases. The regulations explain that "[i]f you are entitled to disability benefits as a disabled worker or as a person disabled since childhood, there are a number of factors we consider in deciding whether your disability continues." 20 C.F.R. § 404.1594(a) (1986). One of those factors is whether "there has been any medical improvement in your impairment(s)." *Id.* The passages cited by Richardson, *see id.* § 404.1594(b)(7), (c)(2), merely define medical improvement and explain how it will be analyzed. The plain language of both the statute and the regulations require consideration of medical improvement only in termination cases. *See Robertson v. Bowen*, 803 F.2d 808–10 (5th Cir.1986) (per curiam).

■ The decision of the Secretary terminating Richardson's disability benefits, however, became final before the Benefits Reform Act was enacted. The decision of the ALJ terminating Richardson's benefits was issued November 18, 1983. When Richardson failed to request Appeals Council review within 60 days of being notified of the ALJ's decision, 20 C.F.R. § 404.968(a)(1) (1986), that decision became final, *see id.* § 404.987(a). Even if we treat Richardson's new application filed on February 2, 1984 as a request for review, the request still was not timely. Thus, neither his action in filing the new application nor the advice he received from the employee at the Social Security office prevented the termination case from becoming final long

*The provisions set forth in section 223(f) with respect to determinations of whether entitlement to benefits under this title or title XVIII based on the disability of any individual is terminated* (on the basis of a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling) *shall apply in the same manner and to the same extent with respect to determinations of whether a period of disability has ended* (on the basis of a finding that the physical or mental impairment on the basis of which the finding of disability was made has ceased, does not exist, or is not disabling).

before the Benefits Reform Act was enacted on October 9, 1984.

■ Richardson argues in the alternative that the Secretary erred in refusing to reopen his termination case to apply the requirements of the Benefits Reform Act. In *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the United States Supreme Court held that federal courts do not have jurisdiction to review denials by the Secretary of petitions to reopen. *Id.* at 108–09, 97 S.Ct. at 985–86. The Court reasoned that while petitions to reopen may be denied without a hearing, 42 U.S.C. § 405(b), the statute limits judicial review to final decisions of the Secretary "made after a hearing," *id.* § 405(g). The Court noted that "the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act." 430 U.S. at 108, 97 S.Ct. at 986. It characterized Congress' decision to exclude judicial review of petitions to reopen as "a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims," *id.*, and the Court respected that policy choice.

Richardson apparently contends that the change in controlling law brought about by the Benefits Reform Act somehow gives us jurisdiction to review the Secretary's action. Since the Social Security Act does not provide for reopening and bars judicial review of denials of petitions to reopen, we have jurisdiction only if the Benefits Reform Act creates it.[3] The Act provides:

3. Of the cases on which Richardson relies for the proposition that a change in controlling law requires the reopening of a case, all but one involve the authority of a district court to modify an injunction following a change in the law. *See System Federation No. 91 v. Wright*, 364 U.S. 642, 650–53, 81 S.Ct. 368, 372–74, 5 L.Ed.2d 349 (1961); *Hodges v. Snyder*, 261 U.S. 600, 604, 43 S.Ct. 435, 436, 67 L.Ed. 819 (1923); *Pennsylvania v. The Wheeling and Belmont Bridge Co.*, 59 U.S. (18 How.) 421, 430–32, 15 L.Ed. 435 (1856); *Class v. Norton*, 507 F.2d 1058, 1061–62 (2d Cir.1974); *Elgin Nat. Watch Co. v. Barrett*, 213 F.2d 776, 780 (5th Cir.1954); *McGrath v. Potash*, 199 F.2d 166, 167–68 (D.C.Cir.1952). These cases are irrelevant to the authority of the Sec-

The amendments made by this section shall apply to—

(A) determinations made by the Secretary on or after the date of the enactment of this Act;

(B) determinations with respect to which a final decision of the Secretary has not yet been made as of the date of the enactment of this Act and with respect to which a request for administrative review is made in conformity with the time limits, exhaustion requirements, and other provisions of section 205 of the Social Security Act and regulations of the Secretary;

(C) determinations with respect to which a request for judicial review was pending on September 19, 1984, and which involve an individual litigant or a member of a class in a class action who is identified by name in such pending action on such date; and

(D) determinations with respect to which a timely request for judicial review is or has been made by an individual litigant of a final decision of the Secretary made within 60 days prior to the date of the enactment of this Act.

Benefits Reform Act, sec. 2(d)(2), 1984 U.S. Code Cong. & Ad.News (98 Stat.) at 1797. The change in standards for termination cases clearly does not apply to final decisions of the Secretary for which a request for judicial review was not pending on September 19, 1984. The Act also does not authorize reopening prior final decisions. Indeed, the legislative history of the section is clear: "The provision would not apply to any case for which the Secretary made a final determination prior to [September 19, 1984], and which was not included in the above categories. Such determination would not be subject to further administrative or judicial review." H.Conf. Rep. No. 1039, 98th Cong., 2d Sess. 25, *reprinted in* 1984 U.S.Code Cong. & Ad.

News 3080, 3082. The Benefits Reform Act does not give us jurisdiction to review the Secretary's denial of Richardson's petition to reopen.

Richardson also attempts to distinguish *Sanders* on the ground that his claim that medical improvement should be considered is not stale because it could not have been made prior to enactment of the Act. Therefore, according to Richardson, refusing to review his petition to reopen will not further the Congressional policy of avoiding "belated litigation of stale eligibility claims." *Sanders*, 430 U.S. at 108, 97 S.Ct. at 986. His assertion that medical improvement was not an issue prior to enactment of the Benefits Reform Act is belied by the legislative history of the Act. *See, e.g.,* H.R.Rep. No. 618, 98th Cong., 2d Sess. 11, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3038, 3048. The Benefits Reform Act was designed to resolve the controversy that then existed. *Id.* Richardson's claim is stale precisely because he did not raise it while his termination case was pending, despite the fact that the case became final before the Act was passed. Because Richardson does not challenge the Secretary's decision on constitutional grounds, *Sanders*, 430 U.S. at 109, 97 S.Ct. at 986, the district court properly held that it lacked subject matter jurisdiction to review the denial of Richardson's petition to reopen.

### III.

Richardson also contends that the Secretary erred in finding him currently not disabled. First, he argues that the finding cannot stand because the Secretary concluded that the medical-vocational guidelines did not conform to his facts yet applied the guidelines anyway in violation of *Western v. Harris*, 633 F.2d 1204 (5th Cir. 1981) (Unit A). Richardson points to language in the state agency denial of his

---

retary to reopen a final decision denying disability payments. The other case Richardson cites, *Collins v. City of Wichita,* 254 F.2d 837 (10th Cir.1958), actually refuses to grant relief from the final judgment of the district court in a case involving property rights, as opposed to a

prospective court order. *Id.* at 839. Obviously, none of these cases suggest that the federal courts have jurisdiction under 42 U.S.C. § 405(g) to review the Secretary's refusal to reopen.

**448**

claim to the effect that "the claimant does not conform to the vocational rules." But the state agency findings are not binding on the ALJ, who makes a de novo determination of disability. *See* 20 C.F.R. § 404.-921(a) (1986). Richardson's objection has no merit.

Second, Richardson maintains that the pain he suffers renders him disabled. The ALJ recognized that "the claimant experiences some degree of pain and discomfort." Nevertheless, the ALJ found that the "mild to moderate pain" suffered by Richardson was not "incompatible with the performance of sustained work activity." We must affirm the findings of fact by the Secretary if they are supported by substantial evidence. 42 U.S.C. § 405(g); *Milam v. Bowen,* 782 F.2d 1284, 1286 (5th Cir.1986). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Dorsey v. Heckler,* 702 F.2d 597, 602 (5th Cir.1983). While pain can be a disabling condition, *Cook v. Heckler,* 750 F.2d 391, 395 (5th Cir.1985), all pain is not disabling, *Carry v. Heckler,* 750 F.2d 479, 485 (5th Cir.1985). Moore's allegations of pain are to be evaluated against the other evidence in the record. 42 U.S.C. § 423(d)(5)(A); *Laffoon v. Califano,* 558 F.2d 253, 255 (5th Cir.1977).

The record in this case provides substantial evidence to support the Secretary's finding that Richardson's pain was not disabling. His testimony conflicted on how often he suffers chest pain. He first testified once or twice a week, but later stated he had to take his medication nearly every day. His medication relieved the pain in thirty minutes. The record indicated that his gouty arthritis was currently inactive. The report of a consulting physician, D.R. Bartel, noted "some tendency to exaggerate his symptoms," and stated that as a result "it is difficult to know the exact degree of his discomfort." Richardson does not contest the sufficiency of the evidence to support the ALJ's other findings. The district court properly granted summary judgment for the Secretary.

The judgment appealed from is **AFFIRMED**.