Ed PLAUT, et al., Plaintiffs,

v.

SPENDTHRIFT FARM, INC.,
et al., Defendants.

Civ. A. No. 87–438.

United States District Court,
E.D. Kentucky,
Lexington Division.

April 13, 1992.

J. Montjoy Trimble, Trimble & Henry, William W. Allen, Gess, Mattingly, Saunier & Atchison, Lexington, Ky., for plaintiffs.

Richard C. Ward, David C. Long, Barbara Edelman, Wyatt, Tarrant & Combs, Lexington, Ky., for defendant Spendthrift Farms, Inc.

Kevin P. Muck, John Missing, James E. Burns, Jr., Anthony De Toro, Brobeck, Phleger & Harrison, San Francisco, Cal., Guy Colson, Elizabeth Feamster, Fowler, Measle & Bell, Lexington, Ky., for Bateman Eichler, Hill Richards, Inc.

Robert M. Watt, III, Stoll, Keenon & Park, Lexington, Ky., William E. Johnson, Stoll, Keenon & Park, Frankfort, Ky., for Wheat & Gibson, Dunn & Crutcher.

L. Clifford Craig, Taft, Stettinius & Hollister, Cincinnati, Ohio, Robert L. Craig, Taft, Stettinius & Hollister, Covington, Ky., Peter L. Ecabert, Associate General Counsel, Deloitte, Haskins & Sells, New York City, for Deloitte, Haskins & Sells.

Harry B. Miller, Jr., Robert S. Miller, Michael D. Meuser, Miller, Griffin & Marks, Lexington, Ky., for Owens & American Intern.

Steve Hartman, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the court upon the motion of plaintiffs to reinstate claims under § 10(b) of the Securities Exchange Act of 1934. The motion has been fully briefed and argued to the court, and is ripe for decision.

## BACKGROUND

This action is a consequence of the decline and fall of one of the Commonwealth's premier thoroughbred horse farms. A public offering of common stock in defendant, Spendthrift Farm, Inc., was made in 1983. As a result, plaintiffs purchased shares in the corporation. Success did not follow.

Plaintiffs filed this suit on November 25, 1987, under § 10(b) of the Securities Exchange Act of 1934, and Securities and Exchange Commission Rule 10b–5. [Record # 1]. It is undisputed that this filing came more than three years after plaintiffs' purchase of shares.

On June 20, 1991, while this litigation was still pending, the United States Supreme Court issued its decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). *Lampf* held that a uniform federal limitation period existed for private suits under § 10(b) and Rule 10b–5. These suits must be brought within one year of the date the violation is discovered, and never later than three years after the violation occurs. On the same day, the Court also decided *James B. Beam Distilling Co. v. Georgia,* 501 U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), which the parties agree required retroactive application of the *Lampf* decision.

Following the decision in *Lampf,* this court determined that plaintiffs had filed this suit outside the limitations period. Accordingly, all of plaintiffs' federal and pendent state claims were dismissed and final judgment was entered. [Record # 181]. Plaintiffs did not appeal this judgment.

On November 27, 1991, Congress passed the Federal Deposit Insurance Corporation Improvement Act of 1991. Pub.L. No. 102–242, 105 Stat. 2387 (1991). It was signed into law by the President on December 19, 1991. Section 476 of this act added § 27A to the Securities Exchange Act of 1934.[1] This new section purports to re-

---

1. Section 27A reads as follows:
    Sec. 27A. (a) EFFECT ON PENDING CAUSES OF ACTION. The limitation period for any private civil action implied under § 10(b) of this Act that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991.

store the limitations period in effect on June 19, 1991, the day before the *Lampf* decision, for all cases pending on or before that date, including those cases which were dismissed subsequent to *Lampf* for failure to meet the *Lampf* limitations period. § 27A(b).

On February 11, 1992, plaintiffs in the present case filed a motion to reinstate their claims under § 10(b) and rule 10b–5. Defendants raised several arguments in opposition to the motion to reinstate. The court heard arguments on April 3, 1992, and orally overruled the motion. [Record # 202]. This memorandum opinion sets forth the basis for that ruling.

### STANDARD OF REVIEW OF CONGRESSIONAL ACTION

Defendants challenge § 27A on the ground that it offends the separation of governmental powers established in the United States Constitution by impermissibly encroaching upon the power of the judiciary. In evaluating a statute enacted by Congress, the court must avoid a constitutional question, if at all possible. *Spector Motor Service, Inc. v. McLaughlin*, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944). If plaintiffs cannot meet the requirements necessary for reinstatement of their claims under § 27A, the court need not reach the constitutional question.

### PROCEDURAL REQUIREMENTS OF § 27A

■ Plaintiffs must meet several requirements under § 27A, for reinstatement to be permitted. Since all claims have been dismissed, § 27A(b) applies.

First, this action must have been commenced prior to June 19, 1991, and that is clearly the circumstance. Next, the action must have been dismissed as time barred subsequent to June 19, 1991, and that also has occurred.

■ Third, plaintiffs must have timely filed this action under the limitation period applicable in this jurisdiction on June 19, 1991. In this Circuit, the limitations period in § 10(b) and rule 10b–5 cases prior to June 19, 1991, was determined by looking to the state statute of limitations which best effectuates the purpose of the federal securities laws. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 210 n. 29, 96 S.Ct. 1375, 1389 n. 29, 47 L.Ed.2d 668 (1976); *Charney v. Thomas*, 372 F.2d 97, 100 (6th Cir.1967). For actions brought in Kentucky, the relevant limitations period was provided by Ky.Rev.Stat. 292.480(3). *Carothers v. Rice*, 633 F.2d 7, 15 (6th Cir.1980), *cert. denied*, 450 U.S. 998, 101 S.Ct. 1702, 68 L.Ed.2d 199 (1981). This statute provides that suit must be brought within three years of the contract of sale of the securities. Although this is a state statute, federal law determines when it begins to run. *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946). Under federal law, a statute of limitations begins to run when the fraud is or should have been discovered. *Herm v. Stafford*, 663 F.2d 669, 682 (6th Cir.1981). Accordingly, the limitations period which applied to this action on June 19, 1991, was x plus three years, with x being the date the fraud was or should have been discovered.

In ruling on previous motions to dismiss, Magistrate Judge Cook concluded in his Proposed Findings of Fact, [Record # 86], that plaintiffs' complaint and amended complaint contained sufficient allegations of diligence to satisfy the limitations requirement. *See Auslender v. Energy Management Corp.*, 832 F.2d 354 (6th Cir. 1987). Objections were filed to the recommendation of the Magistrate Judge. [Record # 87–90, 92]. However, due to the

(b) EFFECT ON DISMISSED CAUSES OF ACTION. Any private civil action implied under § 10(b) of this Act that was commenced on or before June 19, 1991—

(1) which was dismissed as time barred subsequent to June 19, 1991, and

(2) which would have been timely filed under the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991, shall be reinstated on motion by the plaintiff not later than 60 days after the date of the enactment of this section.

circumstances of the case, these objections were never ruled upon.

In determining whether this action was timely filed under former law, the court has the benefit of plaintiffs' complaint, [Record # 1], amended complaint, [Record # 2], and second amended complaint, [Record # 86]. A review of these documents persuades the court that this action was timely filed under the law as it was understood on June 19, 1991, and that the allegations contained in these documents, particularly the second amended complaint, sufficiently plead the exercise of diligence in ascertaining the existence of fraud. Plaintiffs meet this requirement of § 27A(b).

Finally, plaintiffs must have filed their motion for reinstatement within sixty (60) days of the enactment of § 27A. Final enactment occurred on December 19, 1991, when the President signed the legislation, and plaintiffs filed their motion on February 11, 1992. This requirement has been met.

Plaintiffs have fulfilled the requirements for reinstatement prescribed by § 27A(b). The court must now consider defendants' constitutional arguments.

## CONSTITUTIONALITY OF § 27A

■ Defendants argue several variations upon the theme that this section is an unconstitutional exercise of legislative power. The court need only consider one of these arguments in determining whether § 27A(b) is unconstitutional as it applies to this case.[2] A very narrow question is presented: May Congress direct this court to reinstate a cause of action upon which judgment has been entered, when that judgment is final in all respects and has not been appealed?

---

2. As all claims in this case have been dismissed, the court will only evaluate § 27A(b), and will express no opinion on the constitutionality of § 27A(a).

3. The court notes that neither of the two primary exceptions to this rule are present in this case. *See United States v. Sioux Nation of Indians,* 448 U.S. 371, 100 S.Ct. 2716, 65 L.Ed.2d 844

As early as 1792, the Supreme Court recognized that Congress cannot reverse or suspend a specific decision of a federal court. *Hayburn's Case,* 2 U.S. (2 Dal.) 409 n. 2, 1 L.Ed. 436 (1792). Congress may have had noble intentions in passing § 27A. This is reflected in Senator Bryan's statement that this section was intended to prevent "the unfair application of the Supreme Court's *Lampf* decision to those cases that were pending at the time that the decision came down." 137 Cong.Rec. S18,623–24 (daily ed. Nov. 27, 1991) (statement of Sen. Bryan). However, although Congress may enact retrospective laws of a remedial nature, "no legislative act can change the rights and liabilities of parties which have been established by a solemn judgment." *Massingill v. Downs,* 48 U.S. (7 How.) 758, 767, 12 L.Ed. 903 (1849).

The facts of the present case parallel those addressed by the Supreme Court in *McCullough v. Virginia,* 172 U.S. 102, 19 S.Ct. 134, 43 L.Ed. 382 (1898). There, as here, a final judgment had been entered according to the law as it then existed. Although the legislature in question was the Virginia General Assembly and not the United States Congress, the fundamental principle remains the same: "Legislation may act on subsequent proceedings, may abate actions pending, but when those actions have passed into judgment, the power of the legislature to disturb rights created thereby ceases." *Id.,* at 123–24, 19 S.Ct., at 142.[3]

There are two principal reasons for this prohibition. First, when final judgment has been entered, the rights of the parties have been fixed, and legislative modification amounts to an unlawful taking. *Hodges v. Snyder,* 261 U.S. 600, 603, 43 S.Ct. 435, 436, 67 L.Ed. 819 (1923). In its Statement of Interest, [Record # 198], the United States argues that a judgment based

---

(1980) (Congress may waive res judicata effect of prior judgment in claim against the United States); and *Pennsylvania v. Wheeling & Belmont Bridge Co.,* 59 U.S. (18 How.) 421, 15 L.Ed. 435 (1856) (Congress may retroactively modify final judgments to the extent the remedy chosen—injunctive relief rather than damages—directly affected public rather than private rights).

upon a statute of limitations does not create vested rights. This argument relies upon *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945), which recognized that Congress could modify limitations periods as they impacted pending cases. However, as the United States notes, the Supreme Court has yet to decide whether a dismissal on limitations grounds gives rise to vested rights. The Supreme Court *has* determined that a final judgment gives rise to vested rights. *McCullough*, 172 U.S., at 124, 19 S.Ct., at 142. When a judgment becomes final, it is final for all purposes, regardless of its basis. The rights of the parties are set, and the parties are entitled to treat the matter as closed.

The second reason for prohibiting Congressional reversal of final judgments is the intrusion upon the powers of the judiciary. If Congress were permitted to take action such as that reflected in § 27A(b), this could result in a legislative appeal of judicial action. This is not the governmental scheme intended by the framers of the Constitution. A judgment of a court as it affects the parties before the court cannot be disturbed by the legislature without subverting the constitutional independence of the judiciary. *Daylo v. Administrator of Veterans' Affairs*, 501 F.2d 811, 816 (D.C.Cir.1974).

This court is required, if possible, to construe § 27A(b) in such a manner as to preclude constitutional inquiry. *Crowell v. Benson*, 285 U.S. 22, 62, 52 S.Ct. 285, 296, 76 L.Ed. 598 (1932). However, the court should not resort to "disingenuous evasion" to avoid a determination of constitutionality. *Moore Ice Cream Co. v. Rose*, 289 U.S. 373, 379, 53 S.Ct. 620, 622, 77 L.Ed. 1265 (1933). As applied to this case, § 27A(b) cannot be read in any manner which would withstand constitutional scrutiny. Its inevitable effect, in this case, would abridge defendants' constitutional rights, and that is impermissible. *United States v. O'Brien*, 391 U.S. 367, 385, 88 S.Ct. 1673, 1683, 20 L.Ed.2d 672 (1968).

This court must conclude that § 27A(b) is an unconstitutional exercise of legislative power, and cannot be permitted to interfere with defendants' final judgment and their vested right therein. The motion to reinstate will be denied.

CONCLUSION

The court having considered the record, having heard the arguments of counsel, and being otherwise sufficiently advised,

Accordingly,

IT IS HEREBY ORDERED:

that the motion of plaintiffs to reinstate claims be, and is DENIED.