**Howard ROSENTHAL, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**DEAN WITTER REYNOLDS, INC., Castle Pines Land Company, Frank B. Walker, Jack A. Vickers, III, Helen McMaster Coulson, William B. Graham and Larry Reichert, Defendants.**

Civ. A. No. 91–F–591.

United States District Court, D. Colorado.

June 15, 1992.

Patrick D. Vellone, Richard Paul Slivka, Vinton, Waller, Slivka & Panasci, Gerald L. Bader, Jr., Steven M. Feder, Bader & Villanueva, P.C., Denver, CO, Bruce E. Gerstein, Scott W. Fisher, Garwin, Bronzaft, Gerstein & Fisher, New York City, Eugene A. Spector, Robert M. Roseman, Spector & Roseman, Philadelphia, PA, for plaintiff.

Stuart N. Bennett, Thomas D. Birge, Charles F. Brega, Cathryn Blake Mayers, Brega & Winters, P.C., William G. Imig, Neal S. Cohen, Donald Monte Pascoe, Ireland, Stapleton, Pryor & Pascoe, P.C., Denver, CO, for Dean Witter Reynolds, Inc.

Frederick B. Skillern, Lynne E. Eisaguirre, Isaacson, Rosenbaum, Woods & Levy, P.C., Denver, CO, for Castle Pines Land Co., Frank B. Walker, Jack A. Vickers, III, Helen McMaster Coulson, William B. Graham, Larry Reichert.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on Plaintiff's Motion for Reinstatement, filed February 7, 1992. The motion has been fully briefed by the litigants. Briefs were filed through May 1992. Jurisdiction is based upon 28 U.S.C.A. § 1331 (West Supp. 1992). For the reasons stated below, the motion is DENIED.

### I.

### BACKGROUND

On April 11, 1991, Plaintiff Howard Rosenthal filed his complaint, alleging one federal securities law claim under Section 10(b) of the Securities and Exchange Act of 1934, and two state common law claims for negligent misrepresentation and fraud.[1] On July 22, 1991, Plaintiff filed a request to hold this action in abeyance, in which Plaintiff agreed to dismiss the above captioned action if the Supreme Court denied the petition for rehearing in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). In *Lampf,* the Supreme Court changed the limitations period applicable to § 10(b) claims. We entered an Order on July 24, 1991, administratively closing the above captioned action pending the Supreme Court's consideration of a petition for rehearing filed in *Lampf.*

On September 13, 1991, the Supreme Court denied the petition for rehearing in *Lampf.* Thereafter, Plaintiff filed a motion to dismiss, which we granted on September 23, 1991. However, on February 7, 1992, Plaintiff filed the Motion for Reinstatement that is presently before the Court under § 476 of the Federal Deposit

Insurance Corporation Improvement Act of 1991, Public Law 102–242 (the "Act"). Plaintiff asserted that because of the Act, his claim was no longer time-barred.

Section 476 of the Act invited plaintiffs whose § 10(b) claims had been dismissed under *Lampf* to file motions for reinstatement in federal court. The relevant portion of the Act provides:

(b) Any private civil action implied under section 10(b) of this Act that was commenced on or before June 19, 1991—

(1) which was dismissed as time-barred subsequent to June 19, 1991, and

(2) which would have been timely filed under the limitation period provided by the laws applicable in the jurisdiction ... as such laws existed on June 19, 1991,

shall be reinstated on motion by the Plaintiff not later than 60 days after the date of enactment of this section.

Defendant Dean Witter Reynolds, Inc. challenged Plaintiff's Motion for Reinstatement, arguing that § 476 of the Act unconstitutionally violates the separation of powers doctrine. We notified the United States Attorney General of the claim of unconstitutionality on April 6, 1992.

As § 476 of the Act unconstitutionally violates the separation of powers doctrine, Plaintiff's Motion for Reinstatement is DENIED.

### II.

### THE SEPARATION OF POWERS DOCTRINE

The Framers of the Constitution incorporated the separation of powers doctrine in the Constitution by delineating the powers of the judicial, legislative, and executive branches. The Supreme Court "consistently has given voice to, and has reaffirmed, the central judgment of the Framers of the Constitution that, within our political scheme, the separation of governmental powers into three coordinate Branches is essential to the preservation of liberty." *Mistretta v. United States,* 488 U.S. 361,

---

**1.** All factual recitations in this Order have been alleged in the litigants' pleadings.

380, 109 S.Ct. 647, 658, 102 L.Ed.2d 714 (1989).

■ Under the separation of powers doctrine, the legislative branch has the power to enact the law, while the power to interpret the law is reserved for the judicial branch. In *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 175, 2 L.Ed. 60 (1803), the Supreme Court stated, "It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases must of necessity expound and interpret that rule."

■ While the legislative branch has the power to change the law, it does not have the power to reassign or usurp the powers delegated to other branches. *Mistretta*, 488 U.S. at 382, 109 S.Ct. at 659.

In order to keep any single branch from accumulating excessive authority, the Framers instituted a system of checks and balances as "a self-executing safeguard against the encroachment or aggrandizement of one branch at the expense of the other." *Buckley v. Valeo*, 424 U.S. 1, 122, 96 S.Ct. 612, 683, 46 L.Ed.2d 659 (1976). This dual concern about encroachment and aggrandizement is central to the Supreme Court's separation-of-powers jurisprudence, and the Supreme Court has "not hesitated to strike down provisions of law that either accrete to a single branch powers more appropriately diffused among separate Branches or that undermine the authority and independence of one or another coordinate Branch." *Mistretta*, 488 U.S. at 382, 109 S.Ct. at 659. Early Supreme Court decisions provided that no decision of any court of the United States can be subject to reversion or suspension by the legislature, in whom no judicial power is vested. *Hayburn's Case*, 2 U.S. (2 Dall.) 409, 1 L.Ed. 436 (1792).

■ An instance of Congress infringing on the judicial power of interpretation by prescribing rules of decision occurred in *United States v. Klein*, 80 U.S. (13 Wall.) 128, 20 L.Ed. 519 (1872). Klein sued as the administrator for V.F. Wilson, a Confederate, to recover the proceeds from the sale of cotton confiscated by government agents during the Civil War. The suit was brought under a statute giving confederate property owners the right to recover their property upon proof of their loyalty to the federal government. The Supreme Court had held previously that a pardon was proof of loyalty. *United States v. Padelford*, 76 U.S. (9 Wall.) 531, 19 L.Ed. 788 (1869). President Lincoln issued an executive proclamation granting a full pardon to persons willing to take a loyalty oath. Wilson had taken the loyalty oath and received a Presidential pardon, so Klein won in the Court of Claims.

Before the government's appeal, Congress passed a statute which precluded evidence of a Presidential pardon as admissible evidence by a claimant as proof of loyalty. Instead, the pardon became proof of disloyalty. The Supreme Court declared the law unconstitutional as an encroachment on the power of the judiciary. *Klein*, 80 U.S. at 146–47. The Court found that Congress' act amounted to an attempt to regulate the courts by prescribing rules of decision. The Court held that Congress does not have the power to prescribe rules of decision for cases pending before the judicial branch of the government. *Id.* at 146.

In the instant action, Plaintiff contends that the application of *Klein* is inappropriate to this case. Plaintiff interprets *Klein* to stand for the proposition that Congress may not pass laws dictating decisions in specific cases. We disagree.

Plaintiff's reading of *Klein* is too narrow. *Klein* holds that Congress cannot overturn the Supreme Court's interpretation of a statute so as to direct a court's decision without changing the underlying law. This interpretation of *Klein* was recently applied by the Ninth Circuit in *Seattle Audubon Soc'y v. Robertson*, 914 F.2d 1311, 1315 (9th Cir.1990), *rev'd on other grounds*, —— U.S. ——, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992):

> [T]he critical distinction, for purposes of deciding the limits of Congress' authority to affect pending litigation through statute, is between actual repeal or amendment of the law underlying the litigation,

which is permissible, and the actual direction of a particular decision in a case without repealing or amending the law underlying the litigation, which is not permissible.

Thus, Congress can amend or repeal any law, but it "cannot prescribe a rule of decision where no new circumstances have been created by legislation." *Id.*

## III.

### SECTION 476 OF THE ACT

 A court should invalidate a statute only for the most compelling constitutional reasons. *Bowsher v. Synar,* 478 U.S. 714, 736, 106 S.Ct. 3181, 3192, 92 L.Ed.2d 583. Hence, we must construe § 476 in a manner which renders it constitutional if fairly possible. *Communications Workers of America v. Beck,* 487 U.S. 735, 762, 108 S.Ct. 2641, 2657, 101 L.Ed.2d 634 (1988). However, we should not resort to "disingenuous evasion" to avoid a determination of constitutionality. *George Moore Ice Cream Co. v. Rose,* 289 U.S. 373, 379, 53 S.Ct. 620, 622, 77 L.Ed. 1265 (1933). In spite of this stringent standard, there are compelling reasons for finding that § 476 of the Act violates the principle of the separation of powers and is therefore unconstitutional.

In *Lampf,* the Supreme Court adopted a three year repose period and a one year discovery period for § 10(b) claims. The Court applied this rule retroactively to all pending cases. Although Congress is free to amend or change the law, in enacting § 476, Congress has done neither. Congress did not amend § 476 by adopting a new statute of limitations other than that set out in *Lampf,* nor did Congress codify *Lampf.* Rather, Congress overturned the retroactive application of the limitations period determined in *Lampf.*

As such, only a discrete group of cases were affected by the Act. As the United States District Court for the District of Colorado recently stated, "By selecting a discrete body of pending actions for special treatment under § 476, Congress demonstrated that its sole purpose was to nullify the Supreme Court's interpretation of

§ 10(b) without amending § 10(b) itself. In so doing, Congress usurped the power set aside to the judiciary by the Constitution." *Bank of Denver v. Southeastern Capital Group, Inc.,* 789 F.Supp. 1092, 1097 (D.Colo.1992). The court unequivocally stated that § 476 is an unconstitutional violation of the separation of powers doctrine. *Id.* at 1097; *In re Branchard Sec. Litig.,* 788 F.Supp. 1098, 1102 (N.D.Cal.1992).

Although § 476 does not direct any particular findings of fact or a decision on the merits of the § 10(b) claim, it does direct an application of law to fact. This was precisely the type of statute declared unconstitutional in *Klein.* In *Klein,* the statute did not direct a decision on the plaintiff's claim for the return of his property. Rather, the statute prescribed the interpretive rule that presidential pardons be considered proof of disloyalty.

Here, § 476 also prescribes an interpretive rule: the limitations period for a limited group of § 10(b) actions is that period applicable in the jurisdiction on June 19, 1991. "In both instances, the prescribed interpretation was at odds with prior Supreme Court law and the prescribed interpretation resolved a question dispositive of the action." *Bank of Denver,* 789 F.Supp. at 1097. Consequently, § 476 prescribes a rule of decision within the meaning of *Klein.*

The effect of § 476 is that Congress is intruding on the powers of the judiciary. In *Pennsylvania v. Wheeling & Belmont Bridge Co.,* 59 U.S. (18 How.) 421, 15 L.Ed. 435 (1856), the Supreme Court vacated a decree calling for abatement of a nuisance. In doing so, the Court accepted the general proposition, that legislation "cannot have the effect and operation to annul the judgment of the court already rendered, or the rights determined thereby in favor of the plaintiff." *Id.* at 431. In enacting legislation such as § 476, Congress is performing a legislative appeal over judicial action. *Ed Plaut v. Spendthrift Farm, Inc.,* 789 F.Supp. 231, 234 (E.D.Ky.1992).

In effect, Congress has acted as a " 'super-appellate court,' overturning *Lampf*

without replacing that decision with any new law." *Bank of Denver*, 789 F.Supp. at 1097. To allow legislative review of judicial action would be "subversive of the constitutional independence of the judicial branch of government." *Daylo v. Administrator of Veteran's Affairs*, 501 F.2d 811, 816 (D.C.Cir.1974). In enacting § 476, Congress has violated the separation of powers doctrine by usurping powers reserved for the courts.[2]

Since Plaintiff's Motion for Reinstatement is brought under an unconstitutional statute, the motion is DENIED.

## IV.

### ORDER

ACCORDINGLY, it is ordered:

1) Plaintiff's Motion for Reinstatement, filed February 7, 1992, is DENIED.

2) The above captioned action is DISMISSED.

3) Each party is DIRECTED to bear its own costs.

---

**2.** Plaintiff also contends that § 476 must be interpreted as a change in the law in light of the Supreme Court's recent decision in *Robertson v. Seattle Audubon Soc'y,* — U.S. ——, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992). However, the United States District Court for the District of Colorado recently found this argument to be without merit. *Johnston v. Cigna Corp.,* 789 F.Supp. 1098, 1100 (D.Colo.1992).