**Larry D. JOHNSTON, Lawrence G. Lyon, and H. Rodgers Company, Plaintiffs,**

v.

**CIGNA CORPORATION, Cigna Individual Financial Services Co., Cigna Securities, Inc., Cigna Financial Partners, Inc., Cigna Holdings, Inc., and M. Doak Jacoway, Defendants.**

Civ. A. No. 90–B–177.

United States District Court, D. Colorado.

March 20, 1992.

Memorandum Opinion and Order May 20, 1992.

Alan C. Friedberg, William Martinez, Pendleton & Sabian, P.C., Denver, Colo., for plaintiffs.

David G. Palmer, Thomas M. Piccone, Gibson, Dunn & Crutcher, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiffs move for reinstatement of their claim under § 10(b) of the 1934 Securities and Exchange Act and Rule 10b–5 pursuant to § 476 of the Federal Deposit Insurance Corporation Improvement Act of 1991, P.L. No. 102–242. Plaintiffs also move under Fed.R.Civ.P. 60(b)(6) to set aside the final judgment entered in this action. Pursuant to 28 U.S.C. § 2403, notice of the claim of unconstitutionality was sent to the U.S. attorney general on February 20, 1992. Hearing on these motions was held on March 20, 1992.

I conclude that § 476 violates the principle of the separation of powers. It further impermissibly upsets a final judgment of this court. Therefore, I hold the section is facially unconstitutional and unconstitutional as applied. Accordingly, plaintiffs' motion to reinstate is denied. Because plaintiffs' Rule 60(b) motion is premised on an intervening change in the law which I hold to be invalid, that motion is denied.

In accordance with *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), *James B. Beam Distilling Co. v. Georgia,* — U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), and *Anixter v. Home–Stake Production Co.,* 939 F.2d 1420 (10th Cir.1991), defendants moved for summary judgment on the ground that plaintiffs' claims under § 10(b) were time barred. In my order of October 10, 1991, I granted that motion and final judgment entered that same day in favor of defendants and against plaintiffs.

On November 27, 1991, Congress enacted § 476 of the Federal Deposit Insurance Corporation Improvement Act of 1991. That provision attempts to add a new section 27A to the 1934 Act, and states in relevant part:

The limitation period for any private civil action implied under Section 10(b) of this

Act that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991....

Any private action implied under Section 10(b) of this Act that was commenced on or before June 19, 1991—

(1) which was dismissed as time-barred subsequent to June 19, 1991 ... shall be reinstated on motion by the plaintiff....

Congress did not otherwise amend the 1934 Act by writing an express statute of limitation and repose into § 10(b).

■ Plaintiffs timely moved to reinstate their § 10(b) claims. Defendants oppose the motion, arguing that § 476 violates the principle of the separation of powers and that it unconstitutionally reopens a final judgment. In *Bank of Denver v. Southeastern Capital Group, Inc.*, No. 90–B–1551, 789 F.Supp. 1092 (D.Colo.1992), I held that § 476 violates the principle of separation of powers. Therefore, as plaintiffs' motion to reinstate depends on an unconstitutional law, the motion is denied. However, because of the likelihood of appeal, I will consider defendants' alternative argument that § 476 is invalid as applied here because Congress does not have the power to upset final judgments.

The Supreme Court has repeatedly held that litigants have vested rights in final judgments and that Congress has no power to take away those vested rights through later legislation.

It is not within the power of a legislature to take away rights which have once vested by a judgment. Legislation may act on subsequent proceedings, may abate actions pending, but when those actions have passed into judgment the power of the legislature to disturb the rights created thereby ceases.

*McCullough v. Virginia*, 172 U.S. 102, 123–24, 19 S.Ct. 134, 142, 43 L.Ed. 382 (1898). *See also, Hodges v. Snyder*, 261 U.S. 600, 603, 43 S.Ct. 435, 436, 67 L.Ed. 819 (1923); *United States v. O'Grady*, 89 U.S. (22 Wall.) 641, 647, 22 L.Ed. 772 (1875); *Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. (18 How.) 421, 431, 15 L.Ed. 435 (1855). The Tenth Circuit indicated its approval of this rule in *Taxpayers for Animas–La Plata v. Animas–La Plata Water Conservancy District*, 739 F.2d 1472, 1477 (10th Cir.1984), ("[T]he court has indicated that it would not allow a legislature to interfere with an adjudicated right").

■ Final judgment entered in this action on October 10, 1991, more than one month before Congress enacted § 476. Thus, because § 476 calls for the reinstatement of claims finally adjudicated, it is unconstitutional as applied here. Further, this result is proper even though plaintiffs' Rule 60(b) motion is still pending. A pending Rule 60(b) motion does not affect the finality of a judgment or suspend its operation. *Sutherland v. Fitzgerald*, 291 F.2d 846, 847 (10th Cir.1961). Therefore, the motion to reinstate is denied.

As to the merits of plaintiffs' Rule 60(b) motion, their argument for setting aside final judgment rests on the assumption that § 476 is valid. However, in *Bank of Denver, supra*, I held that § 476 is unconstitutional regardless of whether final judgment has entered in a specific case. Therefore, plaintiffs' 60(b) motion is denied.

Accordingly, IT IS ORDERED THAT:

(1) Plaintiffs' motion to reinstate is DENIED; and,

(2) Plaintiffs' Rule 60(b) motion is DENIED.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiffs' move for reconsideration under Fed.R.Civ.P. 59(e) of my March 20, 1992 memorandum opinion and order denying reinstatement of their claims under § 10(b) of the Securities and Exchange Act of 1934. Plaintiffs contend that the intervening Supreme Court decision in *Robertson v. Seattle Audubon Society*, — U.S. —, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992) compels a different result. Additionally, the United States and the Securities and Exchange Commission have now filed a statement of interest in support of the constitutionality of § 476 of the Federal De-

posit Insurance Corporation Improvement Act of 1991. The issue is adequately briefed and oral argument will not materially aid its resolution. Because the Supreme Court's recent decision does not affect the force or conclusion of my prior order, the motion to reconsider is denied.

In accordance with *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. —, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), *James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), and *Anixter v. Home–Stake Production Co.,* 939 F.2d 1420 (10th Cir.1991), I granted defendants' motion for summary judgment on the ground that plaintiffs' § 10(b) and Rule 10b–5 claims were time barred. Final judgment entered in favor of defendants on October 10, 1991.

On November 27, 1991, Congress enacted § 476 of the FDIC Improvement Act of 1991. That provision attempted to reinstate actions that were pending before *Lampf* and then dismissed as time barred. Plaintiffs timely moved to reinstate their claims under § 476 and moved under Fed. R.Civ.P. 60(b) to set aside the final judgment in light of the new statute. Incorporating my detailed analysis in a companion case, *Bank of Denver v. Southeastern Capital Group, Inc.,* No. 90–B–1551, 789 F.Supp. 1092 (D.Colo.1992), I held that § 476 is unconstitutional on its face because it violates the principle of separation of powers. I also held that it is unconstitutional as applied because it upsets vested rights in a final judgment. Finally, I denied plaintiffs' Rule 60(b) motion because it was wholly premised on an unconstitutional statute.

Plaintiffs now move to reconsider my prior rulings in light of the Supreme Court's decision in *Seattle Audubon, supra.* A Fed.R.Civ.P. 59(e) motion to alter or amend judgment may properly be cast in the form of a motion to reconsider. *St. Paul Fire & Marine Insurance Co. v. Continental Casualty Co.,* 684 F.2d 691, 693 (10th Cir.1982). There are three major grounds that justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3)

the need to correct clear error or prevent manifest injustice. *Shields v. Shetler,* 120 F.R.D. 123, 126 (D.Colo.1988). Moreover, "a motion for reconsideration is not a license for a losing party's attorney to get a 'second bite at the apple' " and make legal arguments that could have been raised before. *Id.* Because I perceive no clear error in my prior order and plaintiffs' point out none, my review here will be limited to the affect, if any, the Court's decision in *Seattle Audubon* has on the constitutionality of § 476.

In *Seattle Audubon,* the Court reversed the Ninth Circuit's decision in *Seattle Audubon Society v. Robertson,* 914 F.2d 1311 (9th Cir.1990). The Ninth Circuit held that a new environmental statute which specifically referenced pending cases prescribed a rule of decision within the meaning of *United States v. Klein,* 80 U.S. (13 Wall.) 128, 20 L.Ed. 519 (1871), because it had not changed or amended the underlying laws. The new statute provided that management of certain lands in conformity with new standards set out in the statute would be deemed to constitute compliance with the requirements of existing environmental and land management statutes.

The Court reversed the Ninth Circuit because it felt that the new statute had changed the law by creating a new set of standards that, if met, would constitute compliance with the then existing statutory requirements. "[The new statute's] operation, we think, modified the old provisions. Moreover, we find nothing in subsection (b)(6)(A) that purported to direct any particular findings of fact or applications of law, old or new, to fact." *Seattle Audubon,* 112 S.Ct. at 1413. The Court emphasized that it had no occasion to reach any broad question of Article III jurisprudence or the propriety of the Ninth Circuit's formulation of the principles set out in *Klein. Id.* 112 S.Ct. at 1414.

I conclude that the Court's opinion in *Seattle Audubon* does nothing to upset my prior rulings in this case and *Bank of Denver.* First, the statute at issue in *Seattle Audubon* is entirely different from the statute at issue here. In *Seattle Audubon,* Congress enacted a statute which es-

sentially provided that compliance with the new provisions would constitute compliance with several other previously existing statutes. In effect, Congress rewrote its own statutory framework. In stark contrast, § 476 attempts to overturn a decision of the Supreme Court interpreting the unchanged language of § 10(b). Significantly, the statute at issue in *Klein* also attempted to overturn a judicial interpretation of an unchanged law. *Klein*, 80 U.S. at 145 and 147, ("[The statute's] great and controlling purpose is to deny to pardons granted by the President the effect which this court had adjudged them to have" and "The court is forbidden to give effect to evidence which, in its own judgment, such evidence should have, and is directed to give it an effect precisely the contrary").

The Court suggested that a statute cannot compel "results under old law" or "direct any particular ... application of law, old or new, to fact." *Seattle Audubon*, 112 S.Ct. at 1413. The statute here does precisely that. It compels a result under the unchanged provisions of § 10(b)—namely, it directs federal courts in a discrete body of pending cases to ignore the Supreme Court's binding interpretation of § 10(b) and to reinstate actions that were dismissed under the Court's interpretation. Thus, the *Seattle Audubon* decision does not compel me to change my conclusion that § 476 did not change the law.

Second, in *Seattle Audubon*, Congress enacted a statute with general, prospective application, effecting a comprehensive set of rules to govern timber harvesting within a geographically and temporally limited domain. *Seattle Audubon*, 112 S.Ct. at 1410. Although that statute referred to two pending cases by name, it did so only to identify the five federal statutes that were being effectively amended. *Id.* at 1414. Here, § 476 has no prospective application at all, nor does it have uniform retroactive application. Rather, it selects a limited body of pending federal cases for resurrection from the death knell sounded by *Lampf.* Thus, it is clear that Congress' great and controlling purpose was not to change the law but to overturn a Supreme Court decision with which it did not agree.

Third, my opinion in *Bank of Denver* did not rely on the Ninth Circuit's ultimate conclusion that the statute at issue there did not change the existing law. Rather, I used the Ninth Circuit's opinion as a convenient expression of the principles set out in *Klein*. Because the Supreme Court did not address the Ninth Circuit's formulation of the proper inquiry under *Klein*, but reversed only the Ninth Circuit's application of its own test, that decision has no impact on my prior ruling.

Lastly, my conclusion that § 476 violates settled separation of powers principles was not based wholly on the particular rule expressed in *Klein.* I also held that, under general separation of powers principles, § 476 constitutes an encroachment on the quintessential constitutional attribute of the judiciary—the power to interpret the laws. This conclusion was in no way dependent on the Ninth Circuit's opinion or, for that matter, the particular expression of these general principles in *Klein.* Therefore, I must again conclude that *Seattle Audubon* does not affect my prior ruling.

Accordingly, IT IS ORDERED THAT:

(1) Plaintiffs' motion for reconsideration is DENIED.