Edward D. ARIOLI, Sandra L. Arioli, Dean E. Huber, Mary Ann Huber, John J. Laga, Jr., Denise Laga, Robert E. Wolfe, Lawrence A. Brainard, Rebecca S. Brainard, the Edward Arioli Revocable Trust, the Sandra L. Arioli Revocable Trust, the Dean E. Huber Revocable Trust, the Mary Ann Huber Revocable Trust, the John J. Laga, Jr. Revocable Trust and the Denise Laga Revocable Trust, Plaintiffs,

v.

PRUDENTIAL–BACHE SECURITIES, INC., Ronald J. Chewning, Terrence W. Sullivan, Equitec Venture Leasing Investors, 1984 Polaris Aircraft Trust VII, 1984 Polaris Aircraft Trust IX, 1985 Polaris Aircraft Investors XII–A & XII–B, 1984 Polaris Aircraft Investors V Program, Daniel Properties VII, Franklin Stonemill Associates, Bordeaux Partners, Ltd. and Almahurst Bloodstock II, Defendants.

No. 87–70312.

United States District Court, E.D. Michigan, S.D.

Sept. 2, 1992.

MacDonald & Goren, P.C. Birmingham, Mich., for plaintiff Arioli.

Lyle D. Russell, Jr., Troy, Mich., for plaintiff Brainard.

Michael G. Vartanian, Richard A. Wilhelm, Detroit, Mich., for defendant Prudential Bache.

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S MAY 14, 1992 DECISION

GADOLA, District Judge.

On May 14, 1992, this court ruled on various issues concerning plaintiffs' claims of securities fraud. Part of this court's order dealt with the proper statute of limitations for claims of violations of Section 10(b) of the 1934 Securities and Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b–5 (17 C.F.R. § 240.10b–5).

This court calculated the statute of limitations by applying a recent amendment to the 1934 Securities and Exchange Act, Section 27A (15 U.S.C. § 78aa–1 (1991)), which directs courts to apply to pending securities fraud cases the statute of limitations they would have applied as of June 19, 1991. This resulted in a six-year statute of limitation for plaintiffs' securities fraud claims.

On June 3, 1992, defendants moved for partial reconsideration of the court's May 14, 1992 decision pursuant to LR 7.1(h) (E.D.Mich. Jan. 1, 1992). Defendants assert that this court applied an unconstitutional standard, namely Section 27A, in determining the statute of limitations for Section 10(b) and Rule 10b–5 violations. The proper standard, defendants argue, is the one-year-from-discovery statute of limitation, three-year-from- transaction period of repose enunciated in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). Because plaintiffs filed their initial complaint January 30, 1987, applying the *Lampf* rule would time bar most, if not all, of plaintiffs' federal securities claims. Applying the statute of limitation as calculated under Section 27A allowed plaintiffs' claims to go forward.

Defendants give two independent reasons in support of their argument that Section 27A is unconstitutional such that plaintiffs' claims are time-barred. First, defendants argue that Congress contravened the doctrine of separation of powers by mandating to the courts through Section 27A a rule of decision in pending cases. Second, defendants assert Section 27A discriminates among similarly situated litigants in violation of established principles of due process.

Pursuant to this court's order and LR 7.1(h)(2), plaintiffs filed a response to defendants' motion August 21, 1992.

### FACTS

Each of the plaintiffs established one or more securities accounts at defendant Prudential–Bache Securities, Inc. ["Prudential"] through which they purchased various limited partnerships, stock and options recommended by defendant Terrence W. Sullivan, an account executive at Prudential. Sullivan was introduced to each of the plaintiffs as a vice-president of Prudential, who had expertise in financial planning and tax shelters. Plaintiffs have similar back-

grounds and financial situations, *i.e.*, virtually no prior investment experience in stocks, bonds, tax shelters, limited partnerships or stock or commodity options or commodity futures. Each of the plaintiffs had come into a substantial sum of money, and each needed investment advice and counsel. Plaintiffs allege that Sullivan took advantage of their lack of sophistication or their travel schedules or the stress of business and also allege that Prudential's checks and balances either did not exist or were willfully ignored by Sullivan or the branch office manager, defendant Ronald J. Chewning. Plaintiffs' second amended complaint, dated November 18, 1989, alleges various state and federal securities fraud claims, including claims under Section 10(b) and Rule 10b–5 of the 1934 Securities and Exchange Act.

## ENACTMENT OF SECTION 27A

On June 20, 1992, the United States Supreme Court announced a uniform, one-year-from-discovery statute of limitation, three-year-from-transaction period of repose for federal securities claims. *Lampf*, 501 U.S. at ——, 111 S.Ct. at 2782. Prior to *Lampf* no uniform statute of limitation existed for federal securities fraud claims. Courts looked to state law for the most analogous state cause of action and adopted from it the state's statute of limitation. This resulted in statutes of limitation for Section 10(b) claims that varied from state to state. The *Lampf*, decision attempted to resolve the dispute among jurisdictions when it announced the uniform, one-year/three-year rule.

In *James B. Beam Distilling Co. v. Georgia*, 501 U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), decided the same day as *Lampf*, the Supreme Court applied retroactively the new limitations period enunciated in *Lampf*. The Court in *Beam* held that, where the Supreme Court applies a new rule of law to the case in which the new rule is announced, the new rule of law must be applied retroactively in pending cases. *Beam*, 501 U.S. at ——, 111 S.Ct. at 2441. Thus, *Lampf* declared the statute of limitation for Section 10(b) claims while

*Beam* mandated that the new rule be applied to all pending cases.

Some members of Congress, apparently fearful the *Lampf* rule would result in motions for dismissal for several pending multi-billion dollar securities fraud cases, acted swiftly in the wake of *Lampf* and *Beam* to enact Section 27A to limit the *Lampf* rule to prospective application only. Section 27A(a) provides

(a) EFFECT ON PENDING CAUSES OF ACTION

The limitation period for any private civil action implied under Section 10(b) of this Act that was commended on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991.

(b) EFFECT ON DISMISSED CAUSES OF ACTION

Any private civil action implied under Section 10(b) of this Act that was commenced on or before June 19, 1991—"(1) which was dismissed as time barred subsequent to June 19, 1991", and "(2) which would have been timely filed under the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991," shall be reinstated on motion by the plaintiff not later than 60 days after the date of enactment of this section.

15 U.S.C. § 78aa–1. The apparent purpose of Section 27A was to revive the state-specific statutes of limitation for Section 10(b) cases filed the day before the *Lampf* decision while retaining the *Lampf* rule for cases filed after June 19, 1991. By limiting the *Lampf* decision to prospective application, Congress ensured that the multi-billion dollar fraud cases would be timely filed while retaining the uniform statute of limitation for future cases.

## ANALYSIS

### I

The Supreme Court's decisions in *United States v. Klein*, 80 U.S. (13 Wall.) 128, 20 L.Ed. 519 (1871), and *Robertson v. Seattle*

*Audubon Soc'y,* 503 U.S. ——, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992) ["*Robertson*"], mark the outer limits of Congress' ability to enact legislation that affects pending cases.

In *Klein,* the Supreme Court ruled as unconstitutional a statute passed by Congress directing the Supreme Court to make a factual finding regarding the probative weight of a presidential pardon. In 1868, President Johnson issued a general pardon under a statute which allowed former supporters of the Confederacy to file claims with the Court of Claims for compensation for property abandoned to federal troops during the Civil War. Congress, not wishing to repeal the statute but desirous of denying its benefits to unreconstructed southerners, passed legislation which ordered the Court of Claims and the Supreme Court, in applying the statute, to treat the fact that an individual had accepted the pardon as conclusive proof of his disloyalty to the federal government. The legislation also provided that on proof of pardon, the Supreme Court was to summarily dismiss for want of jurisdiction. *See* L. Tribe, American Constitutional Law 50 (2d ed. 1988); *see also Maio v. Advanced Filtration Sys.,* 795 F.Supp. 1364, 1373 n. 9 (E.D.Pa.1992). The Supreme Court declared the statute unconstitutional on grounds it violated the doctrine of separation of powers by "proscrib[ing] a rule for a decision of a cause in a certain way" where "no new circumstances [had] been created by legislation." *TGX Corp. v. Simmons,* 786 F.Supp. 587, 591 (E.D.La. 1992) (quoting *Seattle Audubon Soc'y v. Robertson,* 914 F.2d 1311, 1315 (9th Cir. 1990) (quoting *Klein,* 80 U.S. at 147), *rev'd,* 503 U.S. ——, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992)). The Court found that

> [T]he denial of jurisdiction to this court, as well as to the Court of Claims, is founded solely on the application of a rule of decision, in causes pending, prescribed by Congress. The court has jurisdiction of the cause to a given point; but when it ascertains that a certain state of things exists, its jurisdiction is to cease and it is required to dismiss the cause for want of jurisdiction.... Con-

gress has inadvertently passed the limit which separates the legislative from the judicial power.

*Klein,* 80 U.S. at 146–47.

Nothing in *Robertson* weakened the Court's holding in *Klein.* The *Robertson* Court explicitly refrained from overturning or narrowing *Klein.* In fact, the *Robertson* Court applied the *Klein* doctrine but found that "nothing in subsection (b)(6)(A)," the statute in question, "purported to direct any particular finding of fact or applications of law, old or new, to fact," such that the court's ruling in *Klein* would be contravened. *Robertson,* 503 U.S. at ——, 112 S.Ct. at 1413, 118 L.Ed.2d at 84.

Taken together, the *Klein* and *Robertson* decisions establish a rule of law that permits Congress to amend or repeal existing law provided Congress does not direct courts to make specific factual findings, *Klein,* 80 U.S. at 147, or particular applications of law to fact. *Robertson,* 503 U.S. at ——, 112 S.Ct. at 1413, 118 L.Ed.2d at 84. Defendants urge this court to declare Section 27A unconstitutional on grounds it directs courts to make particular findings of fact in securities fraud cases and directs courts to make applications of law to fact. In support of their argument, defendants cite decisions from numerous district courts throughout the country that have declared Section 27A unconstitutional.

■ For example, in *Bank of Denver v. Southeastern Capital Group, Inc.,* 789 F.Supp. 1092, 1097 (D.Colo.1992), and *Johnston v. Cigna Corp.,* 789 F.Supp. 1098, 1100 (D.Colo.1992), the court found that in enacting Section 27A

> Congress selected a discrete category of federal cases, those pending on June 19, 1991, and directed federal courts hearing these cases to ignore the Supreme Court's binding interpretation of Section 10(b) set out in *Lampf.* Congress thus effectively acted as a "super-appellate court," overturning *Lampf* without replacing that decision with any new law.

*Bank of Denver,* 789 F.Supp. at 1097; *see Johnston,* 789 F.Supp. at 1102. Consequently, the court declared Section 27A to

be unconstitutional. The court's decision in *Bank of Denver* and *Johnston* is shared by other district courts.[1] Despite the number of decisions supporting defendants' contention, however, this court believes Section 27A does not direct courts to make specific factual findings or applications of law to fact such that it is unconstitutional.

Section 27A does not proscribe to courts a rule of decision for pending securities fraud claims. *See Treiber*, 796 F.Supp. at 1058–59; *Wegbreit*, 793 F.Supp. 965, 968–70; *Brown*, 795 F.Supp. at 1313–14; *Bankard*, 1992 WL 3694, at * 6. United States District Judge Horace Gilmore noted in *Treiber* that:

> [S]ection 27A(a) directs the courts to apply certain statutory provisions to pending cases but does not compel factual findings in those cases. Admittedly, Section 27A(a) may change the eventual outcome of pending cases, but because it does not direct courts to make particular findings in those cases, it does not run afoul of the constitutional limitation described in *Klein*.

*Treiber*, 796 F.Supp. at 1058–59. Because statutes of limitation are pre-trial matters, dismissal of claims because they were untimely filed precludes a court's determination of the merits of Section 10(b) claims. The *Lampf* rule established a uniform statute of limitation for securities fraud claims. Section 27A jettisoned the uniform *Lampf* rule in favor of different statutes of limitation to be applied to different groups of cases. For cases filed before June 19, 1991, courts would look to state law to determine the statute of limitation for Section 10(b) claims. In contrast, courts would apply the one-year/three-year rule announced in *Lampf* for cases filed after June 19, 1991. Under either formulation courts would never adjudicate the merits of Section 10(b) claims not filed before the applicable statute of limitation expired.

Critics of Section 27A might argue that dismissal of Section 10(b) claims because they are untimely filed equals a determination on the merits. This argument, it appears to this court, overstates the truth. This argument inevitably leads to the conclusion that all statutes of limitation are unconstitutional congressional enactments to the extent they result in cases being dismissed as time-barred. Adjudication of the merits is not possible for Section 10(b) claims filed after the statute of limitation has expired. Statutes of limitation are preliminary hurdles that must first be overcome before the merits of Section 10(b) claims are adjudicated. If a court finds that a litigant failed to overcome this hurdle, it must dismiss the case without ever adjudicating its merits.

In order for Section 27A to proscribe a rule of decision for pending cases, Congress must amend or repeal the underlying law. *Klein*, 80 U.S. at 146–47. Section 27A does amend the underlying law of *Lampf*. Prior to the enactment of Section 27A, all securities fraud claims were subject to the uniform one-year/three-year rule announced in *Lampf*. *Lampf* declared the one-year/three-year law, while *Beam* declared the rule of retroactivity, extending the *Lampf* rule to all pending Section 10(b) claims. After Congress enacted Section 27A, the applicable statute of limitation differed depending upon the date of filing. *See TGX Corp.*, 786 F.Supp. at 592. Cases

---

1. *See In re Brichard Sec. Litig.*, 788 F.Supp. 1098, 1103–104 (N.D.Cal.1992); *TGX Corp.*, 786 F.Supp. at 591; *In re Rospatch Sec. Litig.*, Nos. 90–805, 90–806, 91–85, slip op. at 10, 1991 WL 335253 (W.D.Mich. Oct. 11, 1991); *but see Lundy v. Stanley*, 794 F.Supp. 346, 349–50 (N.D.Cal. 1992); *Maio*, 795 F.Supp. at 1373–74; *Treiber v. Katz*, 796 F.Supp. 1054, 1058–59 (E.D.Mich. 1992); *In re Taxable Mun. Bond Sec. Litig.*, 796 F.Supp. at 961–62 (E.D.La.1992); *Wegbreit v. Marley Orchards Corp.*, 793 F.Supp. 965, 968–70 (E.D.Wash.1992); *Adler v. Berg Harmon Assocs.*, 790 F.Supp. 1235, 1243 (S.D.N.Y.1992); *Brown v. Hutton Group*, 795 F.Supp. 1307, 1315–16 (S.D.N.Y.1992); *Axel Johnson, Inc. v. Arthur Andersen & Co.*, 790 F.Supp. 476, 479 (S.D.N.Y. 1992); *Venturtech II v. Deloitte Haskins & Sells*, 790 F.Supp. 576, 576 (E.D.N.C.1992); *Melridge Inc. Sec. Litig.*, No. 87–1426, 1992 WL 58265, at * 2, 1992 U.S. Dist. LEXIS 3477, at * 6 (D.Or. Mar. 20, 1992); *TBG Inc. v. Bendis*, No. 89–2423, 1992 WL 80622, at * 5, 1992 U.S.Dist. LEXIS 5940, at * 19 (D.Kan. Mar. 5, 1992); *Ayers v. Sutcliffe*, No. 1–90–650, 1992 U.S.Dist. LEXIS 3219, at * 6 (S.D.Ohio Feb. 11, 1992); *Bankard v. First Carolina Communications, Inc.*, No. 89–8571, 1992 WL 3694, at * 6 (N.D.Ill. Jan. 6, 1992).

filed before *Lampf* were subject to the state-specific statute of limitation, whereas cases filed after *Lampf* were subject to the one-year/three-year rule. In other words, the *Lampf* decision created a statute of limitation defense for certain Section 10(b) actions, while Section 27A removed that defense. *Lundy,* 794 F.Supp. at 349–50. Because Section 27A does change the underlying law of *Lampf,* it is a permissible attempt by Congress to proscribe a rule of decision for pending securities fraud cases. *Maio,* 795 F.Supp. at 1373–74; *Wegbreit,* 793 F.Supp. at 968–70; *Adler,* 790 F.Supp. at 1243; *Bankard,* 1992 WL 3694, at * 5.

## II

■ Defendants also argue that Section 27A violates the rule against selective prospectivity announced in *Beam.* The Court in *Beam* held that "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." *Beam,* 111 S.Ct. at 2448. The Court's prohibition of selective prospectivity was rooted in its belief that

> Selective prospectivity ... breaches the principle that litigants in similar situations should be treated the same, a fundamental component of stare decisis and the rule of law generally.

*Beam,* 503 U.S. at ——, 111 S.Ct. at 2444 (quoting R. Wasserstrom, The Judicial Decision 69–72 (1961)). Selective prospectivity results, the Court wrote, when "we simply pick and choose from among similarly situated defendants those who alone will receive the benefit of a 'new' rule of constitutional law." *Beam,* 503 U.S. at ——, 111 S.Ct. at 2444 (quoting *Desist v. United States,* 394 U.S. 244, 258–259, 89 S.Ct. 1030, 1038–39, 22 L.Ed.2d 248 (1969)). Defendants assert that in passing Section 27A, Congress violated the *Beam* principle against selective prospectivity by subjecting similarly situated litigants, namely all litigants in all pending Section 10(b) actions, to two different statutes of limitation. Section 27A established that all pending Section 10(b) claims, except those of the *Lampf* plaintiffs, would be subject to the

state-specific statute of limitations, whereas the *Lampf* plaintiffs, together with all future Section 10(b) plaintiffs, were treated differently from the class of Section 10(b) litigants whose claims were concurrently pending. *Bank of Denver,* 789 F.Supp. at 1094; *TGX Corp.,* 786 F.Supp. at 594.

Without question, statutes of limitation are congressionally created rules of law which bear on the jurisdiction of federal courts to hear cases. Congress, having created statutes of limitation, can exercise its constitutional power to alter the jurisdiction of the federal courts by amending or wholly abolishing them. *Treiber,* 796 F.Supp. at 1058-59. Congress is also empowered to enact legislation that affects rights and duties retroactively provided "the retroactive application of the legislation is itself justified by a rational legislative purpose." *In re Brichard,* 788 F.Supp. at 1102 (quoting *United States v. Sperry Corp.,* 493 U.S. 52, 64, 110 S.Ct. 387, 396, 107 L.Ed.2d 290 (1989)); *see also Kelley v. E.I. duPont de Nemours,* 786 F.Supp. 1268, 1280 (E.D.Mich.1992); *United States v. Kramer,* 757 F.Supp. 397, 429 (D.N.J.1991). To determine whether Section 27A is justified by a "rational legislative purpose," this court can look to express statements of congressional intent in the legislative history. *Kelley,* 786 F.Supp. at 1280.

The legislative history of Section 27A reveals strong concerns among those persons influential in enacting Section 27A that unless the *Lampf* rule was limited to prospective application only, "over $4 billion of fraud claims, including those against Milken, Keating, and Fred Carr, are threatened with pending dismissal motions ..." *In re Brichard,* 788 F.Supp. at 1105 (quoting 137 Cong.Rec. H11,812 (daily ed. Nov. 26, 1991) (remarks of Rep. Markey)). This concern, it strikes the court, is legitimate. Securities law is a product of Congress, and the securities industry grew up around the body of securities law. Therefore, it is Congress' responsibility to ensure that securities fraud plaintiffs have their day in court. In preserving these massive suits for trial, Congress was pro-

tecting the security and soundness of the federal banking and securities industries as well as protecting its image as guardian of this complex area of federal law.

Furthermore, Section 27A is a rational means used by Congress to achieve its objective of preserving multi-billion dollar securities fraud claims for court. In order to circumvent the *Lampf* holding issued June 20, 1991, and preserve the multi-billion dollar fraud cases filed pre-Lampf, Congress chose June 19, 1991, the day before *Lampf,* as the date on which Section 27A would have effect. Choosing June 19, 1991, as the cut-off date ensured that any Section 10(b) claims pending on that date were subject to the pre-Lampf law, while maintaining the *Lampf* rule for all future Section 10(b) claims.

Therefore, this court finds that Congress' intent in enacting Section 27A is justified by a rational legislative purpose and that the means employed by Congress to implement its intent is rational. Consequently, Section 27A is a constitutionally permissible attempt by Congress to retroactively amend existing law.

### CONCLUSION

Section 27A is not unconstitutional on either ground urged by defendants. Consequently, this court did not err when it used Section 27A to calculate the state of limitation to be applied in this case. The underlying law at the time Section 27A was enacted was the uniform one-year/three-year rule enunciated by the Supreme Court in *Lampf.* Section 27A amended *Lampf* by abandoning the uniform rule in favor of two different statutes of limitation. The state-specific statutes of limitation would apply to all pending cases, whereas the uniform one-year/three-year rule would apply to all future securities fraud claims. The creation of two different statutes of limitation to be applied to different groups of cases represents a change in the underlying law of *Lampf* such that *Klein* is not contravened.

Section 27A does not violate the doctrine of selective prospectivity enunciated in *Beam.* Through Section 27A, Congress may treat similarly situated litigants differently; but it does so consistent with the constitution by exercising its power to affect the jurisdiction of the courts by altering statutes of limitation. Because Congress creates statutes of limitation, it is empowered to amend or abolish them. Congress can amend or abolish statutes of limitation retroactively, provided it seeks to further a rational legislative purpose through legitimate means. Congress' motive in enacting Section 27A was legitimate, and the means employed by Congress to achieve that objective were legitimate.

### ORDER

Therefore, it is hereby ORDERED that defendants' motion for partial reconsideration of this court's May 14, 1992 decision is DENIED.